B18W (08/07)

# UNITED STATES BANKRUPTCY COURT
## Northern District of New York

| | |
|---|---|
| In Re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address): <br> Shelly Anne Radford <br> fka Shelly DeCries <br> 5966 Brigadier Drive <br> Cicero, NY 13039 <br><br> Mark Donald Radford <br> 5966 Brigadier Drive <br> Cicero, NY 13039 <br><br> Last four digits of Social Security or Individual Taxpayer– Identification (ITIN) No(s)., (if any): xxx–xx–9198 xxx–xx–2196 <br> Employer Tax–Identification (EIN) No(s)., (if any): | ) <br> ) <br> ) <br> )Case Number: 06–32758–5–mcr <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )Chapter: 13 <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER DISCHARGING DEBTOR(S) AFTER COMPLETION OF CHAPTER 13 PLAN

The court finds that the debtor(s) filed a petition under Title 11, United States Code, on 11/22/04, that the debtor(s) plan has been confirmed, that the debtor(s) has/have fulfilled all requirements under the plan.

IT IS ORDERED THAT:

1. Pursuant to 11 U.S.C. Section 1328(a), the debtor(s) is/are discharged from all debts provided for by the plan or disallowed under 11 U.S.C. Section 502, except any debt:

    a. provided for under 11 U.S.C Section 1322(b)(5) and on which the last payment is due after the date on which the final payment under the plan was due;
    b. in the nature of alimony to, maintenance for, or support of a spouse, former spouse, or child of the debtor(s) in connection with a separation agreement, divorce decree or other order of a court of record, or property settlement agreement, as specified in 11 U.S.C. Section 523(a)(5);
    c. for a student loan or educational benefit overpayment as specified in 11 U.S.C. Section 523(a)(8);
    d. for a death or personal injury caused by the debtor's unlawful operation of a motor vehicle while intoxicated from using alcohol, a drug, or another substance, as specified in 11 U.S.C. Section 523(a)(9), in case commenced on or after November 15, 1990;
    e. for restitution included in a sentence on the debtor's conviction of a crime, in case commenced on or after November 15, 1990;
    f. for a fine included in a sentence on the debtor's conviction of a crime, in a case commenced on or after October 22, 1994.

2. Pursuant to 11 U.S.C Section 1328(d), the debtor(s) is/are not discharged from any debt based on an allowed claim filed under 11 U.S.C. Section 1305(a)(2) if prior approval by the trustee of the debtor(s) incurring such debt was practicable and was not obtained.
3. Notwithstanding the provisions of title 11, United States Code, the debtor(s) is/are not discharged from any debt made non–dischargeable by 18 U.S.C. Section 3613(f), by certain provisions of titles 10, 37, 38, 42, and 50 of the United States Code, or by any other applicable provision of law.
4. All creditors are prohibited from attempting to collect any debt that has been discharged in this case.

Date: 3/22/10

*BY THE COURT*

HON. MARGARET CANGILOS–RUIZ
U.S. Bankruptcy Judge

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 13 CASE

This court order grants a discharge to the person named as the debtor after the debtor has completed all payments under the chapter 13 plan. It is not a dismissal of the case.

## Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

## Debts That are Discharged

The chapter 13 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt is provided for by the chapter 13 plan or is disallowed by the court pursuant to section 502 of the Bankruptcy Code.

## Debts that are Not Discharged.

Some of the common types of debts which are not discharged in a chapter 13 bankruptcy case are:

a. Domestic support obligations;

b. Debts for most student loans;

c. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

d. Debts for personal injuries or death caused by the debtor's operation of a motor, vessel, or aircraft vehicle while intoxicated (ina case filed on or after October 17, 2005);

e. Debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual (in a case filed on or after October 17, 2005);

f. Debts provided for under section 1322(b)(5) of the Bankruptcy Code and on which the last payment is due after the date on which the final payment under the plan was due;

g. Debts for certain consumer purchases made after the bankruptcy case was filed if prior approval by the trustee of the debtor's incurring the debt was practicable but was not obtained;

h. Debts for most taxes to the extent not paid in full under the plan (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**